UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA

                              MEMORANDUM AND ORDER
       -against-               01-CR-1047 (DRH)

MICHAEL SALZMAN,

        Defendant.
------------------------------X
A P P E A R A N C E S:

For the Government:
    Benton J. Campbell
    United States Attorney
    Eastern District of New York
    610 Federal Plaza
    Central Islip, New York 11722-4454
      By: Burton T. Ryan, Jr., A.U.S.A.

For Defendant:
    Howard R. Leader, Esq.
    381 Park Avenue South
    Suite 701
    New York, New York 10016

HURLEY, Senior District Judge

        Pending before the Court is an application by defendant Michael Salzman ("defendant" or "Salzman") for an order pursuant to 18 U.S.C. § 3583(e) either (1) terminating his term of supervised release, or (2) eliminating its home confinement condition. Movant reports that his application is not opposed by his Probation Officer Stanley Whetstone. It is opposed, however, by the government.

## DISCUSSION

Section 3583(e) provides in pertinent part:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(c), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
>   (1) terminate a term of supervised release

> and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

(18 U.S.C. § 3583(e)(1).)

The Court has reviewed the portions of § 3553(a) referenced in § 3583(e) in conjunction with the application submitted by the defendant. See generally United States v. Lussier, 104 F.3d 32, 34-35 (2d Cir. 1997). Having done so, I decline to grant the requested termination of his supervised release, but grant the alternative relief sought, i.e. the elimination of the one year period of home detention with electronic monitoring essentially for the reasons proffered by defense counsel in his letter of June 11, 2009.

SO ORDERED.

Date: August 3, 2009
    Central Islip, New York

_____
DENIS R. HURLEY, U.S.D.J.